UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GREGORY K. WARREN | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-81 |
| | ) | |
| | ) | |
| DR. LINNEA NELSON, | ) | |
| QUENTON WHITE, and | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, Inc. | ) | |

### MEMORANDUM and ORDER

Gregory K. Warren, a state inmate confined in the Northeast Correctional Complex (NECX) in Mountain City, Tennessee, brings this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983, against Linnea Nelson, a physician at the NECX; Quenton White, the now former Commissioner of the Tennessee Department of Correction (TDOC); and Correctional Medical Services, Inc., a corporation based in St. Louis, Missouri, which has a contract with TDOC to provide health care for all Tennessee inmates.

The plaintiff is **ASSESSED** the filing fee of two hundred and fifty dollars ($250). The custodian of the plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the

1

Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint on March 23, 2005. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $250 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the NECX, where the plaintiff is now housed, and to current TDOC Commissioner George Little, to ensure compliance with the assessment procedures outlined herein.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an

---

[1] Payments should be mailed to:
Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts, in paragraph II of his complaint, that the DeBerry Special Needs Facility (DSNF), where he was housed when this case was filed, has a grievance procedure and that he has presented the facts relating to his complaint through the institutional grievance system. He has submitted copies of those grievances. In the grievances, the plaintiff made the same complaints about the medical care he received at the NECX as he now offers as constitutional claims in his federal lawsuit. The grievances were forwarded to NECX officials for a response. Those officials found that the grievances pertained to a diagnosis by a medical professional and that such a matter, essentially, was excluded from TDOC's Inmate Grievance Procedures under Policy # 501.01(VI)(G)(8). The

3

plaintiff also asserts that he appealed this decision—first to the Warden and, then, to TDOC officials. He maintains that he did not receive a response from the TDOC officials within the time-frame allotted for responding and that this, in effect, shows that he has met the requirement that he administratively exhaust his claims. The Court agrees. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir 2004) (concluding that administrative remedies are exhausted where prison officials fail to timely respond to a properly filed grievance). *See also Rancher v. Franklin County*, 122 Fed.Appx. 240, 2005 WL 351138 (6th Cir Feb.14, 2005) (a facility's flat rule against medical grievances justifies excusing § 1997e's requirement).

The Court must now screen the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The gravamen of the complaint is that the plaintiff was misdiagnosed and treated for a prolonged period of time for hemorrhoids, although he actually had colon cancer. More specifically, he contends that Dr. Linnea Nelson did not run readily-available tests which would have allowed her to make a correct

4

diagnosis of colon cancer. A correct diagnosis, in turn, would have allowed proper treatment to commence earlier; would have checked the growth of the cancer; and would have improved the plaintiff's prognosis.

He asserts that the defendant doctor, by failing to run those tests and by negligently misdiagnosing him and treating him, exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. He further asserts that TDOC officials and Correctional Medical Services, Inc., also violated the Eighth Amendment by failing to intervene to ensure that he was given the appropriate tests.

The facts of the case, as presented by the plaintiff, are dismal. The plaintiff presented himself to the NECX clinic in February of 2003, complaining of rectal bleeding. He was given a cream to treat hemorrhoids. After several weeks of using the cream, the bleeding subsided, only to return some five months later—this time, accompanied by abdominal and rectal pain. He saw a nurse who supplied him with more hemorrhoid cream, but who failed to give him any tests or pain medication. The bleeding and pain intensified, and he returned to the clinic, where he was given more hemorrhoid cream and then referred to a doctor.

5

In August of 2003, the plaintiff was seen by defendant doctor, who came to his cell and performed a rectal examination on the plaintiff, in the presence of another nurse and two officers. (The plaintiff, understandably, found this experience degrading and humiliating.) She then prescribed the same over-the-counter hemorrhoid cream he had been using. Over the next two weeks, the pain and bleeding increased, and the plaintiff was prescribed a stronger hemorrhoid cream and suppositories.

Finally, in March of 2004—one year and twelve sick-call requests after he first reported rectal bleeding,[2] the plaintiff saw a different doctor at the NECX who administered a second rectal exam and referred the plaintiff to the DSNF for further evaluation. At the DSNF, the plaintiff received a diagnosis of latter-stage colon cancer, as well as a confirmation by his treating physician that Dr. Nelson's diagnosis had been wrong. Thereafter, the plaintiff had to undergo extensive surgery to remove the malignant tumor, the surrounding tissues and nerves, and the rectal sphincter muscle. As a result of the surgery, the plaintiff is now sterile and has a permanent colostomy

---

[2] Not only did the plaintiff tell the members of the medical staff that he had rectal bleeding and pain, but he also told them he had constant diarrhea, a change in his bowel habits, 10-15 bloody stools per day, and weight loss for no apparent reason.

and permanent urinary problems.

Punishments that involve the unnecessary and wanton infliction of pain are proscribed by the Eighth Amendment. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff's allegations arguably state a claim under the Eighth Amendment for deliberate indifference to serious medical needs. *See id. See also Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843-44 (6th Cir. 2002) (enunciating a "grossly inadequate medical care" standard in situations where medical care is "so cursory as to amount to no treatment at all" or "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness").

Therefore, the Clerk is **DIRECTED** to send the plaintiff three service packets. (Each contains a blank summons and USM 285 form.) The plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date of date on this Order. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendants. The defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE